IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Karen Augustin, Vicki Whiteman, and Vivian Green, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | No. _____ |
| Solid Source Realty GA, LLC, a limited liability company, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## COMPLAINT & DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, Karen Augustin, Vicki Whiteman, and Vivian Green ("Plaintiffs"), on behalf of themselves and others similarly situated, and bring this action against Solid Source Realty GA, LLC ("Defendant"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation.

## PARTIES

1. Plaintiff Karen Augustin is a resident of Fulton County, Georgia and is a former employee of Defendant.

2. Plaintiff Vicki Whiteman is a resident of Fulton County, Georgia and is a former employee of Defendant.

3. Plaintiff Vivian Green is a resident of Cobb County, Georgia and is a former employee of Defendant.

4. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

5. Defendant Solid Source Realty GA, LLC is a Georgia corporation with its principal place of business located in Roswell, Georgia.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for Defendant at any time within the past three (3) years.

7. Based upon information and belief, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendant had an annual business dollar volume of at least $500,000.

8. Defendant is engaged in interstate commerce and was so engaged during Plaintiffs' employment with Defendant.

9. At all relevant times, Defendant had two or more employees of its enterprise individually engaged in commerce or whom otherwise individually meet the traditional test of individual coverage.

10. Plaintiffs were individually covered by the FLSA as they utilized the instrumentalities of commerce while they performed their duties for Defendant.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

13. Plaintiff Karen Augustin was employed by Defendant as an agent assistant, administrator and office manager from June 2007 through December 2010.

14. In these jobs, Plaintiff Augustin did not exercise discretion and independent judgment with respect to matters of significance. Plaintiff Augustin also did not direct the work of two or more employees and did not have the authority to hire or fire employees.

3

15. Plaintiff Vicki Whiteman was employed by Defendant as an accounting specialist and post closing coordinator from May 2008 through February 2010. In these jobs, Plaintiff had essentially the same duties.

16. In her job as an accounting specialist and post closing coordinator, Plaintiff Whiteman did not exercise discretion and independent judgment with respect to matters of significance, did not direct the work of two or more employees and did not have the authority to hire or fire employees.

17. Plaintiff Whiteman's primary duty did not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.

18. Plaintiff Green was employed by Defendant as an agent administrator and administrative assistant in the accounting department from August 2008 through March 2011.

19. As an agent administrator an administrative assistant, Plaintiff Green did not exercise discretion and independent judgment with respect to matters of significance. Plaintiff Green also did not direct the work of two or more employees and did not have the authority to hire or fire employees.

20. All Plaintiffs were classified and treated by Defendant as exempt employees.

21.   Based on their job duties and the nature and characteristics of their jobs, Plaintiffs were non-exempt employees and, thus, were misclassified by Defendant as exempt.

22.   All Plaintiffs worked over forty (40) hours during one or more of the workweeks during their employment with Defendant.

23.   Defendant did not pay Plaintiffs additional overtime compensation for all hours worked by Plaintiffs over forty in a workweek.

24.   Plaintiffs were entitled to receive overtime compensation for the hours they worked over forty in a workweek.

25.   Defendant failed to comply with 29 USC §§ 201-209 because Defendant did not properly compensate Plaintiffs for their overtime hours.

26.   Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody, or control of Defendant.

## COUNT ONE:
## RECOVERY OF OVERTIME COMPENSATION

27.   Plaintiffs reassert and incorporate by reference all allegations contained within paragraphs 13-26 above.

28.   Plaintiffs worked over forty (40) hours during one or more of the workweeks during their employment with Defendant.

29. Defendant did not pay Plaintiffs additional overtime compensation for their overtime hours worked.

30. Plaintiffs were misclassified by Defendant as exempt employees and, thus, were entitled to be paid overtime compensation at time and a half their regular rates of pay for each hour worked in excess of 40 per workweek.

31. Defendant's failure to pay proper overtime compensation to Plaintiffs for hours worked over forty in a workweek violated the FLSA.

32. Upon information and belief, Defendant's failure to properly compensate Plaintiffs for their overtime hours worked was willful and/or reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

33. As a result of Defendant's intentional, willful, and reckless failure to lawfully compensate Plaintiffs and all others similarly situated for their overtime hours worked, Plaintiffs and all others similarly situated have suffered damages and incurred reasonable attorney's fees and costs.

34. As a result of Defendant's intentional, willful, and reckless violation(s) of the FLSA, Plaintiffs and all others similarly situated are entitled to

back wages and liquidated damages from Defendant for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

35. Plaintiffs respectfully demand a trial by jury.

WHEREFORE, Plaintiffs, and all other similarly situated employees, demand payment of their overtime wages at time and a half their regular rates of pay, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendant's practice of not paying overtime wages to Plaintiffs violates the FLSA, and that all hours worked over forty in a workweek should be paid at time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and such further relief as this Honorable Court may deem to be just and proper.

                Respectfully submitted,

                MORGAN & MORGAN, PA

By:   s/Jennifer M. Bermel
      Jennifer M. Bermel, # 794231
      2600 One Commerce Square
      Memphis, Tennessee 38103
      Tel: (901) 217-7000
      Fax: (901) 333-1871
      Email: jbermel@forthepeople.com

DATED: May 10, 2011